

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
*ATTORNEY GENERAL*

March 25, 1949

Hon. S.C. McIntosh, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Opinion No. V-795

Re: The applicability of Arts.
6056 and 6060, V.C.S.,
relative to operator's re-
ports and gross receipts
taxes of gas utilities, to
named corporations, under
the submitted facts.

Dear Sir:

Your request for the opinion of this Department is as
follows:

"This is a request for an opinion concerning
the status of three corporations: namely, McCarthy
Oil & Gas Corporation, Jefferson Pipe Line Company
and Neches Natural Gas Company.

"The three corporations above referred to are
engaged in producing, transporting or selling
natural gas in the vicinity of Port Arthur, Texas.
Enclosed you will find copies of letters from
Neches Natural Gas Company and McCarthy Oil & Gas
Corporation which are in reply to demands from
this office for the filing of Annual Reports pro-
vided for pursuant to Article 6056, Revised
Statutes, 1925.

"Jefferson Pipe Line Company at this time is
the only one of the three mentioned corporations
that files with us the reports required by Articles
6056 and 6060 and pays to us the tax provided for
in Article 6060. It only pays to us a tax of 1/4
of 1% on the basis of its receipts which are re-
ported to us as being one cent (1¢) per one thousand
cubic feet of gas.

"McCarthy Oil & Gas Corporation owns 99.7% of
the voting stock of Jefferson Pipe Line Company which
is a Texas Corporation.

"McCarthy Oil & Gas Corporation is a Delaware Corporation and its President is Glen H. McCarthy.

"Neches Natural Gas Company is a Texas Corporation and of its 500 shares of voting stock, 470 are owned by Glen H. McCarthy. Its officers and directors are interlocking with the officers and directors of McCarthy Oil & Gas Corporation.

"While we have collected the tax upon the basis of only one cent per thousand cubic feet of gas, the receipts for such gas amount to approximately ten cents per thousand cubic feet. Requests for reports and taxes have been made of Neches Natural Gas Company and McCarthy Oil & Gas Corporation have been made by us but the same have been refused us.

"Please advise whether or not all three of the above named corporations may be compelled to make reports to the Railroad Commission and also whether or not the three corporations are liable for the payment of the gross receipts tax upon the basis of the actual amount of money received from the business done."

The first question is "whether or not all three of the above named corporations may be compelled to make reports to the Railroad Commission". It appears from your request that the Jefferson Pipe Line Company is presently making the reports required by Articles 6056 and 6060, Revised Civil Statutes, therefore, only McCarthy Oil and Gas Corporation and Neches Natural Gas Company need be considered under this question.

McCarthy Oil and Gas Corporation is a Delaware Corporation, having a permit to do business in Texas issued by the Secretary of State on December 26, 1945, for the following purpose:

"To establish and maintain an oil business, with authority to contract for the lease and purchase of the right to prospect for, develop and use coal and other minerals, petroleum and gas; also the right to erect, build and own all necessary oil tanks, cars and pipe necessary for the operation of the business of the same."

which is authorized by Sub. 37, Art. 1302, R.C.S.

Article 6050, Revised Civil Statutes, 1925, is, in part, as follows:

"The term 'gas utility' and 'public utility' or 'utility,' as used in this subdivision, means and includes persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant, property, equipment, facility, franchise, license, or permit for either one or more of the following kinds of business:

" . . . . . . .

"2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminant domain; or is said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.

" . . . . . . .

"Every such gas utility is hereby declared to be affected with a public interest and subject to the jurisdiction, control and regulation of the Commission as provided herein."

Article 6056, Revised Civil Statutes, 1925, is as follows:

"The Commission may require of all persons or corporations operating, owning or controlling such gas pipe lines sworn reports of the total quantities of gas distributed by such pipe lines and of that held by them in storage, and also of their source of supply, the number of wells from which they draw their supply, the amount of pressure maintained, and the amount and character and description of the equipment employed, and such other matters pertaining to the business as the Commission may deem pertinent."  (Emphasis added)

It appears from your request that McCarthy Oil and Gas Corporation owns 99.7% of the voting stock of the Jefferson Pipe Line Company and hence, under the well recognized rule of law of corporate control by stock ownership, it exercises legal control

over the gas pipe lines owned and operated by Jefferson Pipe Line Company and is required to make such reports as the Railroad Commission may require under the provisions of Article 6056, supra.

Neches Natural Gas Company if a Texas corporation, chartered on December 28, 1945, for the following purposes:

"Storing, transporting, buying and selling oil, gas, salt brine and other mineral solutions and liquified minerals; also sand and clay for the manufacture and sale of clay products; and the production of oil and gas.

"This corporation shall have all of the powers permitted to corporations under Chapter 15, Title 32 of the Revised Civil Statutes of the State of Texas, 1925, as amended and now in force, including the additional powers permitted under Article 1506 of such Chapter, and for the purpose of securing such additional powers, this corporation accepts the provisions of Chapter 15, Title 32 of said Statutes."

This purpose clause is identical with that of the Jefferson Pipe Line Company which was granted a charter by the Secretary of State of Texas on the same date, and therefore the Neches Natural Gas Company is required to make such reports as the Railroad Commission may require under the provisions of Article 6056, supra.

Your second question is "whether or not the three corporations are liable for the payment of the gross receipts tax upon the actual amount of money received from the business done."

Article 6060, Revised Civil Statutes, 1925, is as follows:

"Every gas utility subject to the provisions of this subdivision on or before the first day of January and quarterly thereafter, shall file with the Commission a statement, duly verified as true and correct by the president, treasurer or general manager if a company or corporation, or by the owner of one of them is an individual or co-partnership, showing the gross receipts of such utility for the quarter next preceding or for such portion of said quarterly period as such utility may have been conducting any business, and at such time shall pay into the State Treasury at Austin a sum equal to one-fourth of one per cent of the gross income received from all business done by

it within this State during said quarter."

By Sec. 10, Ch. 73, Acts 42nd Legislature, 1931, p. 111, the foregoing article was repealed except insofar as it imposed the tax upon gas utilities described in Section 2, Article 6050, supra.

In the case of Thompson v. United Gas Corporation, 190 S.W. (2d) 504, 509, (error refused), Judge Blair clearly defined gas utilities subject to payment of the tax under Article 6060 as follows:

"Before the repeal of a portion of Art. 6060 the Legislature had imposed the tax upon 'every gas utility' described in all three classifications. By the repealing Act it continued to impose the tax only upon the gas utility described in Section 2 of Art. 6050. Thus it definitely and clearly imposed the tax upon the gas utility described as being persons engaged in 'owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired* * * by the exercise of the right of eminent domain* * *.' The distinguishing feature of this section, however, is that the business is a pipe line for transportation or carriage of natural gas by pipe line, and the repealing Act continued to impose the tax upon it only."

Under the foregoing ruling both the Jefferson Pipe Line Company and the Neches Natural Gas Company are subject to the payment of the tax imposed by Article 6060 upon the gross income received by each from all business done within the State of Texas.

McCarthy Oil and Gas Corporation is engaged in the business of producing and selling natural gas and therefore contends that under the decision by the Supreme Court of Texas in the case of Humble Oil and Refining Company v. Railroad Commission, 128 S.W. (2d) 9, it is not subject to the provisions of either Article 6056 or Article 6060, supra. This contention is evidently based upon the following language in the court's opinion:

"In this instance, it is conclusive that M. & M. Pipe Line Company is a public gas utility subject to the rate making jurisdiction of the Commission. It is also conclusive that Humble is not a public gas utility subject to the rate making jurisdiction of the Commission, unless this contract makes it such. As already stated, before it can be said that this con-

tract makes Humble a public gas utility, the contract under discussion must legally operate to associate Humble and M. & M. Pipe Line Company in a common business enterprise, and that enterprise a public utility gas business.  In other words, the contract must operate to make Humble an associate of M. & M. Pipe Line Company as regards the gas utility business of the last-named company."

In the present situation McCarthy Oil and Gas Corporation owns 99.7% of the voting stock of Jefferson Pipe Line Company.  Glen H. McCarthy, President of the McCarthy Oil and Gas Corporation owns 470 of the 500 shares of voting stock in the Neches Natural Gas Company and the officers and directors of the Neches Natural Gas Company and the McCarthy Oil and Gas Corporation are interlocking.

In the same opinion the Supreme Court of Texas quoted, approved, and adopted the opinion in the case of State v. Lone Star Gas Company (Civ. App.) 86 S.W. (2d) 484, 491, (writ refused), as follows:

" 'The rule is well settled that courts will look through the forms to the realities of the relationship between two or more corporations in order to determine whether each is a separate entity or corporation; or whether their commingled affairs are such as to constitute them one integrated and single business enterprise; or whether, through intercorporate set-up, affiliation, or stock ownership, the purpose is to control the subsidiary corporation or corporations so that they are used as the mere instrumentalities or agents of the owning corporation or corporations.  In discussing the rule, it has been held that while "ownership, alone, of capital stock in one corporation by another, does not create an identify of corporate interest * * * or create the relation of principal and agent or representative between the two"; still it has been repeatedly held that such rule is not applicable "where stock ownership has been resorted to, not for the purpose of participating in the affairs of a corporation in the normal and usual manner, but for the purpose * * * of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company or companies."  Chicago, M. & St. P. Ry. v. Minneapolis Civic & Commerce Ass'n, 247 U.S. 490, 38 S. Ct. 553, 557, 62 L. Ed. 1229; United States v. Lehigh Valley R. Co., 220 U.S. 257, 31 S. Ct. 387, 55 L. Ed. 458; United States v. Reading Co.,

253 U.S. 26, 40 S. Ct. 425, 64 L. Ed. 760; United States v. Delaware, L. & W. R. Co., 238 U.S. 516, 35 S. Ct. 873, 59 L. Ed. 1438. Also, in discussing the rule, the fact that the same persons are directors and managers of two corporations has been given consideration (McCaskill Co. v. United States, 216 U.S. 504, 30 S. Ct. 386, 391, 54 L. Ed. 590), and "a growing tendency is therefore exhibited in the courts to look beyond the corporate form to the purpose of it, and to the officers who are identified with that purpose." See, also, Gallatin Natural Gas Co. v. Public Service Co., 79 Mont. 269, 256 P. 373. Where one corporation owns or dominates another, it has been often held that "the independent entity of the two companies is so far disregarded that each is considered as but a part of the indivisible whole." Kimberly Coal Co. v. Douglas /6 Cir./, (C.C.A.) 45 F. (2d) 25, 27; In re Kentucky Wagon Mfg. Co., D.C., 3 F. Supp. 958; Law v. McLaughlin, D.C., 2 F. Supp. 601.'"

Under the factual situation here present and the foregoing rule of law, if, in the ascertainment of the true facts, it is revealed that McCarthy Oil and Gas Corporation receives an actual consideration for the transportation of the gas in excess of one cent per thousand cubic feet as reported by its wholly owned subsidiary, Jefferson Pipe Line Company, McCarthy Oil and Gas Corporation is subject to the payment of the gross receipts tax imposed by Article 6060, R.C.S., upon the actual consideration received by it in excess of the amount received by the Jefferson Pipe Line Company for such transportation.

### SUMMARY

Under the stated facts a corporation owning practically all of the stock of a "public utility" corporation must make the reports and pay the gross receipts taxes on the amount actually received from transportation of gas as required by Article 6056 and 6060, R.C.S., the corporate entities being disregarded. Humble Oil & Refining Co. v. Railroad Commission, 128 S.W. (2d) 9.

Yours very truly,
ATTORNEY GENERAL OF TEXAS

CKR/mwb/wc

By s/C.K. Richards
C.K. Richards
Assistant

APPROVED
s/Price Daniel
ATTORNEY GENERAL